# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00512-MOC
# (3:11-cr-00258-MOC-DSC-2)

| | |
|---|---|
| DARRYL BOOKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner Darryl Booker's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

Petitioner pleaded guilty to and was convicted in this Court on one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a) (Count One); one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count Two); one count of possession of a firearm in furtherance of a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); one count of conspiracy to use or carry a firearm in furtherance of a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(o) (Court Four); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). Criminal Case No. 3:11-cr-00258-MOC-DSC, Doc. 94: Judgment. Petitioner was sentenced to 121 months on Counts One, Two, and Four and 120 months on Count Five, to be served concurrently, and a consecutive sentence of 60 months on Count Three, for a total term of imprisonment of 181 months. Judgment was entered on November 7, 2012, [Id. at 2], and affirmed by the Fourth Circuit Court of Appeals [Doc. 127].

On June 23, 2014, Petitioner filed a § 2255 motion to vacate, which the Court denied on the merits. [3:14-cv-00341, Docs. 1, 10]. Petitioner then filed a motion to amend or supplement his § 2255 motion, which had already been denied, seeking relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The Court denied this motion as moot and, alternatively, as an unauthorized successive petition. [<u>Id.</u>, Doc. 19]. Petitioner appealed [<u>Id.</u>, Doc. 20] and the Fourth Circuit affirmed [Criminal Case No. 3:11-cr-258, Doc. 172].

Petitioner again moves under § 2255 to amend, correct, or vacate his sentence. The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. <u>See</u> § 2255(h); <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant Motion to Vacate, and it must be dismissed. <u>See</u> <u>Winestoc</u>k, 340 F.3d at 205.

The Court also notes that Petitioner's § 2255 motion is not signed under penalty of perjury. Should Petitioner obtain authorization from the Fourth Circuit to file a second or successive petition and properly file a § 2255 motion with this Court, it must be signed under penalty of perjury. Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant").

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DISMISSED** without prejudice as an unauthorized, successive motion under 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 18,

Max O. Cogburn Jr
United States District Judge